Matter of Szymanik (2025 NY Slip Op 06064)

Matter of Szymanik

2025 NY Slip Op 06064

Decided on November 5, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LARA J. GENOVESI, JJ.

2025-01631

[*1]In the Matter of Teresa Krystyna Szymanik, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Teresa Krystyna Szymanik, respondent. (Attorney Registration No. 3053097)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 21, 2000.

David W. Chandler, Brooklyn, NY, for petitioner.

PER CURIAM.

OPINION & ORDER
On February 7, 2025, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice of petition and a verified petition, both dated January 6, 2025. Proof of personal delivery was duly filed with this Court.
The petition contains four charges alleging that the respondent violated the Rules of Professional Conduct (22 NYCRR 1200.0). The petition alleges that the respondent failed to satisfy a judgment entered against the Law Office of Teresa Szymanik (charge one), engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Grievance Committee's investigation (charge two), engaged in conduct prejudicial to the administration of justice by failing to appear at an examination under oath pursuant to a judicial subpoena (charge three), and engaged in conduct adversely reflecting on her fitness as a lawyer (charge four), in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct.
The notice of petition directed the respondent to file her answer to the petition, together with proof of service of the answer upon the Grievance Committee, within 20 days after service upon her of the petition. To date, the respondent has neither served nor filed a proper answer to the petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon her default and to impose such discipline upon the respondent as this Court deems appropriate. Although the motion papers were duly served upon the respondent on March 12, 2025, by first-class mail, certified mail, and email, she has neither opposed the motion nor interposed a proper response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon her default is granted, the charges in the petition dated January [*2]6, 2025, are deemed established, and, effective immediately, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and GENOVESI, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated January 6, 2025, established is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Teresa Krystyna Szymanik, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Teresa Krystyna Szymanik, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Teresa Krystyna Szymanik, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Teresa Krystyna Szymanik, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court